UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SONYA STEWART FOR | ) | |
| KEVIN A. RUSSELL | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-350 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Sonya Stewart has filed a motion for a judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying the application of her son, Kevin A. Russell, for Supplemental Security Income child's benefits. The defendant has filed a motion for summary judgment.

Mr. Russell was born in 1991 and was 12 years old at the time of his administrative hearing. [Tr. 14, 47]. Mr. Russell alleges he is disabled as of December 1, 2001, from a deformity in both his feet, surgery on his right leg, and speech problems. [Tr. 14]. Based upon a finding that Mr. Russell did not have an impairment or combination of impairments that meets, medically equals, or functionally equals the requirements of an impairment listed in Appendix 1, Subpart

P of Regulations No. 4, the Administrative Law Judge [ALJ] found that Mr. Russell was not disabled as defined by the Social Security Act. [Tr. 13].

At Mr. Russell's administrative hearing held on November 19, 2003, the testimony of Ms. Sonja Stewart and medical expert Dr. Theron Blickenstaff was received into evidence. [Tr. 219-229]. Ms. Stewart testified her son's problems with his legs and feet were present at birth. [Tr. 220]. He waddles when he walks and cannot run or stand for long periods of time. [*Id.*]. In December 2002, Mr. Russell underwent surgery on one leg and foot. [Tr. 221]. After that, he wore a long leg cast until February 2003 and a short cast until March 2003. [*Id.*]. He then wore a brace until the middle of October 2003. [Tr. 222]. An additional surgery on his other leg and foot was scheduled for November 2003. [Tr. 223].

Dr. Blickenstaff testified next that he was unable to tell if Mr. Russell's condition met a listing for disability because of a lack of medical evidence in the record. [Tr. 224].

At the conclusion of the administrative hearing, the ALJ indicated that he would hold open the administrative record for medical records concerning Mr. Russell's surgery scheduled for later that month. [Tr. 229]. The ALJ wanted to have his decision made by the beginning of 2004. [*Id.*].

The ALJ ruled that Mr. Russell was not disabled because, while his impairment

2

was severe, it was not severe enough under Social Security regulations. [Tr. 14].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Stewart requests a judgment and claims the ALJ failed to afford Mr. Russell a full and fair hearing because the ALJ issued his decision prior to receiving the medical records from Mr. Russell's November 2003 surgery. She states in her brief:

> Knowing that a surgical procedure was scheduled, the ALJ failed to afford the plaintiff a full and fair hearing by issuing a decision prior to the completion–full development–of the record. At and after the hearing counsel was under the impression that the ALJ would hold the record open for the receipt of such records, but the record was closed and a decision issued without counsel having been informed of the record's closing.

Regarding Ms. Stewart's specific complaint, the ALJ noted the following in his decision:

> There is minimal evidence in the record. This lack of documentation was discussed at the hearing (by the undersigned and the claimant's representative) and the record was held open to allow sufficient time to provide the necessary documentation, which the representative agreed to pursue. Despite the discussion, no additional evidence was provided, no extension was requested[,] and no contact was made through the date of this decision. Accordingly, the decision of the undersigned must be based upon the limited evidence currently available in the record. [Tr. 14].

As noted above, the ALJ indicated that he would hold open the administrative record for medical records concerning Mr. Russell's surgery scheduled for late November 2003. [Tr. 229]. The ALJ recommended having the medical records in to him by the beginning of December 2003 because he wanted to have his decision made by the beginning of 2004. [*Id.*].

The ALJ issued his decision in January 15, 2004, eight weeks after the administrative hearing. [Tr. 18] Ms. Stewart claims additional medical evidence was submitted to the ALJ on January 19, 2004, but there is no evidence in the record to support that contention. The record does show that on March 5, 2004, Ms. Stewart's attorney submitted to the Appeals Council eight pages of medical records concerning Mr. Russell. [Tr. 208-15].

The additional evidence that was presented in March 2004 indicated that Mr.

4

Russell had his second surgery on November 25, 2003. [Tr. 208]. More recent medical evidence was not provided.

Even if this evidence had been considered by the ALJ, his decision that Mr. Russell was not disabled would most likely not have changed. The medical evidence that Mr. Russell will have a severe impairment that will last longer than 12 months is non-existent.

After careful consideration of the entire record of proceedings related to this case, Ms. Stewart's motion for a judgment will be dismissed, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                    s/Thomas Gray Hull
                                    THOMAS GRAY HULL
                                      SENIOR U. S. DISTRICT JUDGE